AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
## for the
## Western District of New York

United States of America

v.

**JUAN RUMBO**
and
**ABIMAEL RIVERA**

Case No. 22-MJ-1082-JJM

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

### COUNT 1

On or about June 21, 2022, in the Western District of New York, the defendants, **JUAN RUMBO and ABIMAEL RIVERA**, did knowingly, intentionally, and unlawfully possess with the intent to distribute 5 kilograms or more of a mixture and substance containing cocaine, a Schedule II controlled substance and 500 grams or more of a mixture or substance containing methamphetamine, a Schedule II controlled substance. **All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).**

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

FRANCIS ZABAWA III
Digitally signed by FRANCIS ZABAWA III
Date: 2022.06.22 14:07:37 -04'00'

*Complainant's signature*
FRANK ZABAWA
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS
*Printed name and title*

Affidavit and Criminal Complaint submitted electronically by email in .pdf format. Oath administered, and contents and signature, attested to me as true and accurate telephonically pursuant to Fed.R.Crim.P. 4.1 and 4(d) on June 22, 2022:

Date: June 22, 2022

City and State:  Rochester, New York

*Judge's signature*

HONORABLE JONATHAN W. FELDMAN
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK    )
COUNTY OF ERIE       ) ss:
CITY OF BUFFALO      )

I, **Frank Zabawa**, a Special Agent with Homeland Security Investigations ("HSI"), Department of Homeland Security, Buffalo, New York, being duly sworn, deposes and says:

1. I am a Special Agent with Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), assigned to the HSI Buffalo Border Enforcement Security Task Force ("BEST"), within the Department of Homeland Security. As such, I am an "investigative or law enforcement officer" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516 as well as to conduct investigations and to make arrests for offenses enumerated in Title 21.

2. I have been employed as a Special Agent with HSI since July 2007. Prior to my appointment with HSI, I served as a Marine Interdiction Agent with the United States Customs and Border Protection ("CBP") from June 2004 through July 2007. During my tenure with both HSI and CBP, I have participated in numerous narcotics investigations, during which, I have conducted physical and wire surveillance, executed search warrants, and reviewed and analyzed recorded conversations and records of drug traffickers and money

launderers. Through my training, education, and experience (including debriefing cooperating drug traffickers and money launderers, monitoring wiretapped conversations of drug traffickers and money launderers, and conducting surveillance on numerous occasions of individuals engaged in drug trafficking and money laundering), I have become familiar with the manner in which illegal drugs are imported and distributed, the method of payment for such drugs, the various ways drug money is laundered, and the efforts of persons involved in such activities to avoid detection by law enforcement. My investigative experience detailed herein, as well as the experience of other law enforcement agents who are participating in this investigation, and information provided to me by cooperating sources, serve as the basis for the opinions and conclusions set forth herein.

3.  I make this Affidavit in support of an application for a Criminal Complaint charging, **JUAN RUMBO (4/XX/1988) and ABIMAEL RIVERA (2/XX/1982),** with a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), possession with intent to distribute 5 kilograms or more of a mixture and substance containing cocaine and 500 grams or more of a mixture and substance containing methamphetamine, both Schedule II controlled substances. I am thoroughly familiar with the information set forth in this affidavit as a result of my personal investigation, discussions with other law enforcement officers or statements provided by other law enforcement personnel, which have been reported to me, and examination of various documents and records in this investigation. This affidavit is intended to show simply that there is sufficient probable cause for the requested Criminal Complaint and does not set forth all of my knowledge about this matter. Where the contents

of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

## PROBABLE CAUSE

4.      On June 21, 2022, members of HSI and other law enforcement were conducting surveillance at Aloft Buffalo Airport, 4219 Genesee Street, Buffalo NY (hereinafter Aloft Hotel). HSI had received information that there would be a bulk narcotics transaction at the above-mentioned date, time and location involving **RUMBO**, a known narcotics trafficker in Western New York.

5.      Law enforcement surveillance observed RUMBO enter 69 North Park Avenue, Buffalo New York, at approximately 2:50 PM, and remain there until about 5:10 PM before departing the residence in a vehicle and ultimately traveling to the Aloft Hotel. During surveillance, HSI observed **RUMBO** and **RIVERA** arrive in a 2021 BMW X7 (bearing NYS REG HRG4248 and registered to **RUMBO**) driven by **RUMBO** at approximately 5:52 PM. Shortly thereafter, two Hispanic males exited Aloft Hotel and approached **RUMBO** in the above-mentioned vehicle. **RUMBO** and the two Hispanic males appeared to engage in a brief conversation before **RUMBO**, **RIVERA**, and the two Hispanic males all entered the Aloft Hotel together at approximately 5:57 PM. **RUMBO** brought a backpack and a large purse inside the Aloft Hotel with him.

6. Approximately 28 minutes later, at about 6:25 PM, HSI surveillance team observed **RUMBO** and **RIVERA** arrive back at the exit to the Aloft Hotel in the presence of two Hispanic males. **RUMBO** and **RIVERA** then exited the Aloft Hotel area and separated from the two Hispanic males. **RIVERA** was in possession of a large dark blue luggage bag.

7. Law enforcement approached **RUMBO** and **RIVERA** and detained them both.

8. Additionally, HSI searched **RIVERA's** dark blue luggage bag after the arrests. As a result, HSI observed five (5) pressed powder cocaine bricks wrapped in cellophane and duct tape and two shrink-wrapped packages containing methamphetamine from inside of the above-mentioned purple luggage bag. The five (5) pressed powder cocaine bricks wrapped in cellophane and duct tape were determined to weigh approximately 5.6 kilograms and the shrink-wrapped packages containing methamphetamine weighed approximately 0.94 kilograms. Law enforcement field tested each of the five (5) pressed powder cocaine bricks and each tested positive for the presence of cocaine. Law enforcement tested each of the shrink-wrapped packages of methamphetamine and each tested positive for the presence of methamphetamine. Based upon my experience in investigating drug trafficking offenses, I also believe that the quantity of cocaine is a distribution quantity, not for personal use.

9. **RUMBO's** 2021 BMW X7 bearing NY REG HRG4248, was impounded from the Aloft Hotel parking lot and was inventory searched by Erie County Sheriff's Deputy Adam on June 22, 2022. Inside of the vehicle, in a satchel on the passenger floorboard, law enforcement recovered a .380 caliber semiautomatic pistol containing a loaded magazine. Law enforcement also discovered a second satchel in the vehicle containing approximately 1 ounce of cocaine, approximately $1,000 United States currency, and a GEICO INSURANCE CARD in the name of **RUMBO**. Law enforcement also recovered approximately 19 cellular phones from the vehicle.

10. On the night of June 21, 2022, law enforcement searched the residence at 69 North Park Avenue, Upper, Buffalo NY, the residence that **RUMBO** had left before arriving at the Aloft Hotel with **RIVERA**. Inside of 69 North Park Avenue Upper, law enforcement observed and recovered over $500,000 in United States currency, one AK47 style rifle with 120 rounds of 7.62 mm ammunition, one shotgun, multiple pounds of marijuana, over 100 grams of cocaine, and .380 caliber ammunition.

11. Between approximately June 9, 2022 and June 21, 2022, law enforcement observed RUMBO to be in the vicinity of 69 North Park Avenue, Upper, Buffalo NY very frequently and for extended periods of time by monitoring the location data associated with a cellphone known to be utilized by RUMBO.

**WHEREFORE,** based on the foregoing, I respectfully submit that probable cause exists to believe that **RUMBO** and **RIVERA** have violated Title 21, United States Code,

Sections 841(a)(1) and 841(b)(1)(A), possession with intent to distribute 5 kilograms or more of a mixture and substance containing cocaine, a Schedule II controlled substance, and 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, and request that a Criminal Complaint as aforesaid is issued.

FRANCIS ZABAWA III
Digitally signed by FRANCIS ZABAWA III
Date: 2022.06.22 14:07:03 -04'00'

FRANK ZABAWA
Special Agent
Homeland Security Investigations

Affidavit and Criminal Complaint submitted electronically by email in .pdf format. Oath administered, and contents and signature, attested to me as true and accurate telephonically pursuant to Fed.R.Crim.P. 4.1 and 4(d) on June 22, 2022:

HONORABLE JONATHAN W. FELDMAN
United States Magistrate Judge

6